UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. SHAUN BURNS,<br><br>                              Plaintiff,<br><br>v.<br><br>SIAMAK NAZHAND; and ROES 1 to 10,<br><br>                              Defendants. | Case No.: 20-CV-927 JLS (JLB)<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>(ECF Nos. 1, 3, 8) |

Presently before the Court is Plaintiff F. Shaun Burns' Verified Complaint ("Compl.," ECF No. 1) for ejectment, as well as Plaintiff's Response to Order to Show Cause Entered 05/22/20 ("Resp.," ECF No. 8). On May 22, 2020, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. *See* ECF No. 3 ("OSC") at 3. Specifically, the Court ordered Plaintiff to show cause that more than $75,000 was in controversy.[1] *See id.*

---

[1] Plaintiff "respectfully request[ed] that this Court postpone making a decision of the pending OSC for an additional 30 days – until July 15, 2020[ –] . . . [to] allow Defendant time to move completely out, if that is what he actually intends to do." Resp. at 3. Plaintiff indicated that, "[i]f Defendant d[id] not move completely out by Friday, June 19, 2020, then Plaintiff would seek default judgment on the Ejectment cause of action." *Id.* Further, "[a] postponement of a decision on the OSC to July 15, 2020, would allow Plaintiff time to prepare an Amended Complaint for money damages, even if Defendant moves out." *Id.* As of the date of this Order, Plaintiff has filed no update with the Court, no request for entry of default, and no amended complaint. *See generally* Docket.

In his Response, Plaintiff introduces, through the affidavit of his real estate broker, evidence that Plaintiff's current equity in the real property located at 2656 Illion Street, San Diego, California 92110 (the "Property") is $400,000 and that his possible future equity following renovations could by $500,000. *See* Resp. at 2 (citing Decl. of Russ Eskilson ("Eskilson Decl.," ECF No. 8-1) at 4–5). Plaintiff's realtor avers that failure to renovate the Property "will make it much more difficult to sell the Burns House, and the probable selling price could be $150,000 less." *Id.* at 6 (quoting Eskilson Decl. at 3) (emphasis in original). Further, "[t]he continued unlawful occupancy of the [Property] by Defendant Nazhand for the past six weeks – since May 1, 2020 – will push the start date of the planned renovations out at least six weeks. And, that will push the date for putting the [Property] on the market into August 2020, which 'is the worst month to try to sell houses' as explained by Mr. Eskilson." *Id.* at 4, 7 (quoting Eskilson Decl. at 6).

This additional evidence concerning the value of the Property misses the mark. As the Court explained in the Order to Show Cause, *see* OSC at 2, ejectment is the right to *possession* of the property that is at issue. *See, e.g.*, *Towers v. Titus*, 5 B.R. 786, 792 (N.D. Cal. 1979) ("The primary purpose of an action for ejectment is to recover possession."); *see also Lidner v. Wallace*, No. 215CV03122CASSSX, 2015 WL 12655693, at *2 (C.D. Cal. June 10, 2015) ("In unlawful detainer actions, 'the right to possession alone [is] involved—not title to the property.'") (quoting *Fed. Nat'l Mortg. Assoc. v. Poh*, No. C-12-02707 JCS, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012)) (citing *Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (1977)).[2] It is therefore "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Lidner*, 2015 WL 12655693, at *2 (quoting *Villegas*, 2011 WL 204322, at *2); *see also Wells Fargo Bank v. Mayes*, No. CV 12-01393 MMM MRWX, 2012 WL

---

[2] The Ninth Circuit has recognized that unlawful detainer is a "statutory substitute" for a common-law ejectment action. *See Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1047 n.4 (9th Cir. 2011) (citing 9 Richard R. Powell et al., *Powell on Real Property* § 68.09[2][a] (Supp.2011)). Consequently, unlawful detainer cases are germane to the Court's amount-in-controversy analysis.

893710, at *2 (C.D. Cal. Mar. 15, 2012) ("In an unlawful detainer action . . . , the appropriate measure of damages is the amount sought in the complaint, not the value of the property.") (collecting cases).

Here, Plaintiff seeks eviction and restitution, *see* Compl. Prayer ¶¶ 1–2, based on monthly rent of $2,500. *See* Compl. Ex. 2 at 1. He also alleges damages as a result of the *delay* in selling the Property. *Id.* ¶ 16. These damages, however, are not equal to Plaintiff's equity in the Property—rather, they would include such items as the additional costs incurred during the pendency of the unlawful occupation (such as property taxes), any decrease in sales price resulting from the delay, and possibly interest to compensate Plaintiff for the lost opportunity cost from the delay in realizing his equity in the Property. Plaintiff's Complaint includes no allegations regarding, and his Response includes no facts substantiating, the amount of such damages.

Particularly given that it appears Defendant vacated the Property in mid-June, *see* Resp. at 3, less than one month after filing and approximately six weeks after the expiration of the lease, *see* Compl. ¶ 10, Plaintiff has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See, e.g.*, *Evers v. Losahn Robbins Staley Testamentary Tr.*, No. CV 17-968-DMG (DTBX), 2017 WL 3034332, at *2 (C.D. Cal. May 17, 2017) (*sua sponte* dismissing without prejudice action challenging unlawful detention order where the plaintiff "ha[d] not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000"); *see also Xerox Corp. v. CBG Legal, Inc.*, No. CV1408948SJOMRW, 2015 WL 13309101, at *2 (C.D. Cal. Apr. 16, 2015) ("The party asserting jurisdiction bears the burden of proving that jurisdiction exists by a preponderance of the evidence.") (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)); *Vincent Cirrincione Assocs., Ltd. v. Scottsdale Ins. Co.*, No. 213CV05252ODWAJWX, 2013 WL 12116592, at *1 (C.D. Cal. Sept. 5, 2013) ("The party invoking diversity jurisdiction has the burden of proving these elements by a preponderance of the evidence.") (citing *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264

F.3d 952, 957 (9th Cir. 2001)).  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action.  Although the dismissal is without prejudice, Plaintiff is encouraged to refile in state court.

**IT IS SO ORDERED.**

Dated:  August 18, 2020

Hon. Janis L. Sammartino
United States District Judge